UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| DAVID FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CASE NO.: |
| ENVIROVAC HOLDINGS, L.L.C.; ) | |
| and ENVIROVAC CHEMICAL ) | |
| CLEANING, LLC ) | |
| Defendants. ) | |
| _____/ | |

# C O M P L A I N T

COMES NOW, the Plaintiff, DAVID FOSTER (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues ENVIROVAC HOLDINGS, L.L.C. and ENVIROVAC CHEMICAL CLEANING LLC (hereinafter referred to as "Defendants"), and alleges:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 206, 207, and 216(b), which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, DAVID FOSTER, is a resident of the State of Alabama and was an employee of the Defendants during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, DAVID FOSTER, worked for the Defendants performing duties assigned to him by the Defendants at their office located in the McIntosh, Alabama area.

6. At all times material herein, Plaintiff was an employee of the Defendants within the meaning of the Act, 29 U.S.C. § 203(e)(1).

7. Defendant, ENVIROVAC HOLDINGS, L.L.C., is a Georgia for-profit company duly licensed and organized under the laws of the State of Georgia and is engaged in the business of, but not limited to,

operating and/or providing industrial cleaning and environmental services.

8. Defendant, ENVIROVAC CHEMICAL CLEANING LLC, is a Georgia for-profit company duly licensed and organized under the laws of the State of Alabama and/or Georgia and is engaged in the business of, but not limited to, operating and/or providing industrial cleaning and environmental services.

9. Defendants, at all times material, were an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

10. The Defendant, ENVIROVAC HOLDINGS, L.L.C., is an employer and enterprise engaged in interstate commerce.

11. The Defendant, ENVIROVAC CHEMICAL CLEANING LLC, is an employer and enterprise engaged in interstate commerce.

12. The Defendant, ENVIROVAC HOLDINGS, L.L.C.'s, principal place of business is 4896 Old Louisville Road, Savannah, GA, 31406.

13. The Defendant, ENVIROVAC CHEMICAL CLEANING LLC's, principal place of business is 4618 Old Louisville Road, Garden City, GA 31408.

14. As part of their business, the Defendants operate an office located at 4301 Hwy 43 Suite A1, McIntosh, AL 36553.

15. The Defendants, as part of their business, would engage in interstate commerce by, but not limited to, processing credit cards which are instruments of interstate commerce, transacting business with foreign corporations which were part of interstate commerce, purchasing products, furniture, equipment, materials, and supplies from dealers, wholesalers, suppliers, and retailers out of state which were part of interstate commerce, by advertising on the World Wide Web and other mediums to potential clients outside the State of Alabama, and by transacting business across state lines, all of which are part of interstate commerce.

16. Furthermore, the Defendants obtains, exchanges, and sends/receives funds to and from outside of the State of Alabama, use telephonic transmissions going outside of the State of Alabama to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Alabama.

17. The Defendant, ENVIROVAC HOLDINGS, L.L.C., has an annual revenue of at least five hundred thousand dollars ($500,000.00).

18. The Defendant, ENVIROVAC CHEMICAL CLEANING, LLC, has an annual revenue of at least five hundred thousand dollars ($500,000.00).

19. Alternatively, if either Defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of both Defendants combined is at least five hundred thousand dollars ($500,000.00).

20. The Defendants controls the day to day work of the Plaintiff, including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals and quotas, marketing, establishing services to offer, setting product and services pricing, and other business operations.

21. The Defendants hired Plaintiff in or about August 2017 as an Operator. The Plaintiff is no longer employed by the Defendants.

22. At all times material herein, the Defendants, controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, having the ability to terminate the Plaintiff, setting the Plaintiff's rate of pay, determining if the minimum wage or overtime was to be paid,

setting the Plaintiff's work schedule including the number of days and hours worked, determining and assigning the Plaintiff's work duties, and supervising the Plaintiff.

23. At all times during the period Plaintiff has worked for the Defendants, the Defendants exercised control over him.

24. At all times during the period Plaintiff worked for the Defendants, the relationship with the parties was permanent in nature.

25. At all times during the period Plaintiff worked for the Defendants, the Plaintiff was economically dependent on the Defendants.

26. At all times during the period Plaintiff worked for the Defendants, the Plaintiff's job duties performed were an integral part of the Defendants' business.

27. The Plaintiff was a "non-exempt" employee of the Defendants.

28. The Plaintiff was not a salaried employee.

29. The Plaintiff worked the number of hours required of him by the Defendants, but was not paid for each and every hour worked during a work week.

30. The Defendants suffered and permitted the Plaintiff to work for it but did not pay him for all work that he performed for the Defendants.

31. The Plaintiff worked over forty (40) hours in a work week for the Defendants, but was not paid overtime compensation at the proper overtime rate by the Defendants for those hours worked over forty (40) in a work week.

32. The Defendants are directly involved with paying the Plaintiff.

33. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

34. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

35. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

### COUNT I – FAILURE TO PAY OVERTIME UNDER THE FLSA

36. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-five (35) above as if fully set forth herein.

37. The Defendants hired Plaintiff in or about 2017 to work for them at their location in the McIntosh, Alabama area.

38. During his time as an employee of the Defendants, the Plaintiff worked as and performed the essential duties of his job including, but not limited to industrial cleaning involving operations of vacuum trucks and other equipment related to the Defendants' business.

39. On average, the Plaintiff worked over forty (40) hours in a work week for the Defendants.

40. The Plaintiff estimates, that in many weeks during his employment with the Defendants, he worked between forty (40) and seventy (70) hours per week.

41. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half times the regular rate of pay.

42. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

43. As such, Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty (40) in a work-week.

44. The Defendants employed Plaintiff in excess of forty (40) hours in at least one work week without paying him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in the work week as required by the FLSA, and thus have violated the Plaintiff's rights under § 207 of the FLSA.

45. As a consequence of the Defendants violation of the FLSA, the Plaintiff is entitled to one and one half (1 ½) times his regular rate of pay for all hours he worked in excess of 40 hours for each week he was employed by the Defendants and for which he was not paid one and one half times (1 ½) his regular rate.

46. Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the appropriate overtime compensation.

47. Defendants failed and refused to properly compensate Plaintiff at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

48. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

49. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

50. Because of Defendants' actions, Plaintiff has had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

51. As a result of the unlawful acts of the Defendants, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, the Plaintiff prays that this Honorable Court:

    A.    Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

    B.    Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

    C.    Award Plaintiff an equal amount in liquidated damages;

    D.    Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## **COUNT II - RETALIATORY DISCHARGE**

52. Plaintiff re-alleges and incorporates by reference Paragraphs one (1) through thirty-five (35) as if fully set forth herein.

53. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) which provides that suit under the Federal Labor Standards Act (hereinafter "FLSA") "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

54. This is an action to seek relief, both legal and equitable, pursuant to 29 U.S.C. §§ 215(a)(3) and 216(b) as the Defendants have retaliated and/or discriminated against the Plaintiff as a direct result of Plaintiff raising concerns in regard to unpaid overtime wages due under the FLSA.

55. Pursuant to 29 U.S.C. 215(a)(3), it is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . ."

56. The Defendants terminated the Plaintiff in or about October 2017.

57. During his employment with the Defendants, the Plaintiff inquired with the Defendants as to the uncompensated hours he worked for the Defendants performing his work duties as required by the Defendants.

58. By initiating inquiries with the Defendants concerning the payment of wages earned for hours worked required under the FLSA, the Plaintiff was engaged in activity protected by the FLSA.

59. After initiating said inquiries, the Plaintiff suffered adverse action including, but not limited to, termination of his employment.

60. The Defendants have discriminated against, retaliated against, or has otherwise taken adverse action against the Plaintiff for initiating wage concerns pursuant to the FLSA with the Defendants, in violation of 29 U.S.C. § 215(a)(3).

61. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

62. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

63. As a direct and proximate result of the Defendants' discrimination, retaliation, and/or discharge of the Plaintiff, he has suffered diminished earning capacity, loss of wages, loss of earning capacity and/or mental anguish, and pain and suffering.

64. These losses are continuing in nature.

65. As a result of the unlawful acts of Defendants, the Plaintiff seeks relief and pursuant to 29 U.S.C. § 216(b), and the Defendants shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215 (a)(3) of this title, including without limitation employment reinstatement, promotion, and the payment of wages lost, and an additional equal amount as liquidated damages.

**WHEREFORE**, the Plaintiff, DAVID FOSTER, prays this Court:

A. Declare that the Defendants retaliated against the Plaintiff for actions protected under the FLSA concerning payment of wages earned but not paid;

B. Award all damages that flowed from this retaliation, to be proven at trial;

C. Award the Plaintiff the cost of this action and reasonable attorneys' fees; and

D. Grant such other and further relief as this Court.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 6th day of November, 2017.

        Respectfully submitted,

        /s/ Jeremiah J. Talbott
        JEREMIAH J. TALBOTT, ESQ.
        AL Bar No. ASB-1579-L64J
        MICHAEL T. STALLINGS, ESQ.
        AL BAR NO. ASB-0816-A16W
        Law Office of Jeremiah J. Talbott, P.A.
        900 E. Moreno Street
        Pensacola, Fla. 32503
        (850) 437-9600 / (850) 437-0906 (fax)
        jjtalbott@talbottlawfirm.com
        civilfilings@talbottlawfirm.com
        *Counsel for Plaintiff*